# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: I.M.

No. 14-0079 (Mineral County 13-JA-01)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Agnieszka Collins, appeals the Circuit Court of Mineral County's February 19, 2014, order terminating her parental rights to I.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda Dugas, filed its response in support of the circuit court's order. The guardian ad litem, Joyce Stewart, filed a response on behalf of the child that supports the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in terminating her improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, the DHHR filed a petition for immediate custody of the minor child in imminent danger alleging that I.M. was born with Subutex, barbituates, and benzodiazepines in her system and was suffering from withdrawal. The circuit court ratified the removal of the child and scheduled a preliminary hearing. Petitioner Mother waived her right to a preliminary hearing and stipulated that she was addicted to drugs, which contributed to her neglect of I.M. By order entered on July 8, 2013, the circuit court granted Petitioner Mother a six-month post-adjudicatory improvement period. Petitioner Mother was directed to participate in and complete all counseling, programs, and services that were recommended by the multidisciplinary team. Further, Petitioner Mother was also directed to undergo drug treatment, submit to drug testing three times per week, and remain drug-free.

On September 9, 2013, the DHHR filed a motion to terminate Petitioner Mother's improvement period. The DHHR alleged that Petitioner Mother failed multiple drug tests, failed to appear for numerous other drug tests, did not participate in individualized parenting and adult life skills classes, and did not participate in weekly counseling. On February 19, 2014, the circuit

1

court entered an amended order terminating her parental rights.[1] In terminating Petitioner Mother's parental rights, the circuit court held that Petitioner Mother was unable and unwilling to remedy her drug addiction and thereby allow her to properly care for her child. Further, the circuit court found that Petitioner Mother failed to respond to services aimed at remedying her drug addiction. It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother argues that the circuit court erred in terminating her improvement period. In support of her position, Petitioner Mother argues that while she did not fully comply with her treatment plan, strict compliance does not promote reunification. By order entered on July 8, 2013, Petitioner Mother was granted a six-month post-adjudicatory improvement period. The terms of Petitioner Mother's improvement period required her to remain drug-free, directed her to submit to drug testing three times per week, and to participate in and complete any services that were recommended to her. During the dispositional hearing, Michelle McGuire, a Community Corrections worker, testified that Petitioner Mother failed to attend some drug tests and missed classes and appointments. Ms. McGuire also testified that Petitioner Mother "absconded" from the program. The circuit court also heard testimony from Ashley Bailey with Home Base Incorporated who testified that Petitioner Mother failed to complete her parenting and adult life skills classes. Child Protective Services worker, Katrina Szilaj, also testified that Petitioner Mother failed to undergo a psychological evaluation. Importantly, Petitioner Mother's counsel admits in her brief that "[Petitioner Mother] failed her period of improvement . . . ." We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the

---

[1]The DHHR filed an amended abuse and neglect petition adding Petitioner Mother's older child, L.C. However, the circuit court dismissed the amended petition related to L.C. because it was improperly filed.

child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). The governing statute makes it clear that "[w]hen the [DHHR] demonstrates that the respondent has failed to participate in *any* provision of the improvement period, the court shall forthwith terminate the improvement period." W.Va. Code § 49-6-12(f)(2012) (emphasis added). This evidence constitutes a circumstance in which circuit courts must terminate an improvement period pursuant to West Virginia Code § 49-6-12(f). For these reasons, we find no error in the circuit court's decision to terminate Petitioner Mother's post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 19, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II